UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:15-CV-165-TBR

NATASHA HARRIS                                                                                      PLAINTIFF

v.

HUNTINGTON NATIONAL BANK
CITIMORTGAGE, INC.                                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Natasha Harris's motion for temporary restraining order. (Docket #1). Defendant CitiMortgage, Inc. has filed an objection. (Docket #11). For the following reasons, Plaintiff's motion (Docket #1) is DENIED.

BACKGROUND

Plaintiff Natasha Harris owns the property located at 2027 Seitz Street, Paducah, Kentucky (the "Property"). In 2005, Harris used the Property as collateral to secure a mortgage (the "Mortgage") with Union Federal Bank of Indianapolis ("Union Federal). (Docket #1). Through a series of mergers and assignments the Mortgage is now owned by Defendant CitiMortgage, Inc. ("CitiMortgage").

In 2012, CitiMortgage initiated a foreclosure action against Harris in McCracken County Circuit Court. Harris defended that action on the grounds that the Mortgage was not properly transferred to CitiMortgage or the transfers were not properly documented, among other arguments. (Docket #10-5). Harris argued that CitiMortgage could not prove that it was the real party in interest and lacked standing to foreclose on the Mortgage. On April 23, 2015, the

1

McCracken County Circuit Court ruled in favor of CitiMortgage and issued a judgment and order of sale. (Docket #10-5).

Harris now moves this Court for a temporary restraining order to prevent CitiMortgage from conducting a foreclosure sale. (Docket #1). Harris argues CitiMortgage lacks standing to foreclose on the Property and has committed slander of title. (Docket #1). CitiMortgage objects to Harris's request for a temporary restraining order on the grounds that these issues have already been determined by the McCracken County Circuit Court and this Court is barred by the doctrine of *res judicata* and the *Rooker-Feldman* doctrine from reconsidering these issues.

## STANDARD

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *see also Summit County Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). However, at a minimum, the movant "is always required to demonstrate more than the mere 'possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153; *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) ("a finding that there is simply no likelihood of success on the merits is usually fatal"); *Summit County Democratic Cent. & Executive Comm. v. Blackwell*, 388 F.3d 547, 550-51 (6th Cir. 2004).

The movant "must address each of the factors regardless of its strength, and provide us with facts and affidavits supporting these assertions." *Ohio ex rel. Celebrezze v. Nuclear*

*Regulatory Com.*, 812 F.2d 288, 291 (6th Cir. 1987). The decision whether to grant a preliminary injunction is within the discretion of the court. *Obama for Am. v. Husted*, 697 F.3d 423, 428 (6th Cir. 2012).

## DISCUSSION

The Court finds that Harris has not established more than a mere possibility of success on the merits. The primary argument Harris makes before this Court – that CitiMortgage lacks standing to enforce the Mortgage – has been heard by the McCracken County Circuit Court and decided in CitiMortgage's favor. (Docket #10-5).

Harris's claims appear to be barred by the doctrine of *res judicata*. "Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel)." *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky. 2008). "Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action." *Id*. (*citing Buis v. Elliott*, 142 S.W.3d 137, 139-40 (Ky. 2004)). "Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding." *Id*. In this case Harris asserts many of the same claims previously asserted as counterclaims in the state court action, and the issues to be decided in this case appear similar to those already decided by the state court action. Furthermore, even if Harris's claims could be viewed as new claims, they would still be barred to the extent they arise out of the same facts that formed the basis for the state court action. Ky. CR 13.01; *see also Moorhead*, 265 S.W.3d at 203 ("the rule against splitting causes of action precludes successive actions arising from one transaction").

Additionally, this Court may lack subject matter jurisdiction under the *Rooker-Feldman* doctrine, which deprives federal district courts of subject matter jurisdiction over claims seeking

3

review of cases decided by state courts. *Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 462 (1923); *see also Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-7 (6th Cir. 2000).

Finally, CitiMortgage has provided an extensive record showing the transfers and assignments of how CitiMortgage came to own the Mortgage. (Docket #10-4, 10-6, 10-7, 10-9, 10-11, 10-13).

In light of Harris's failure to demonstrate a likelihood of success on the merits, the Court holds that a temporary restraining order is not warranted in this case.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Plaintiff's motion for temporary restraining order and preliminary injunction (Docket #1) is DENIED.


cc:   counsel of record;

     Natasha Harris, *pro se*
     2027 Seitz St.
     Paducah, KY 42003