UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:15-CV-165-TBR

NATASHA HARRIS                                                                                          PLAINTIFF

v.

HUNTINGTON NATIONAL BANK
CITIMORTGAGE, INC.                                                                                    DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant CitiMortgage, Inc.'s motion to dismiss, (Docket #10, 22); Defendant Mortgage Electronic Registration Systems, Inc.'s motion to dismiss, (Docket #21); and Defendant Huntington National Bank's motion to dismiss, (Docket #23). Plaintiff has not responded. For the following reasons, Defendants' motions to dismiss (Docket #10, 22, 21, 23) will be GRANTED.

BACKGROUND

Plaintiff Natasha Harris owns the property located at 2027 Seitz Street, Paducah, Kentucky (the "Property"). In 2005, Harris used the Property as collateral to secure a mortgage (the "Mortgage") with Union Federal Bank of Indianapolis ("Union Federal). (Docket #1). Through a series of mergers and assignments the Mortgage is now owned by Defendant CitiMortgage, Inc. ("CitiMortgage").

In 2012, CitiMortgage initiated a foreclosure action against Harris in McCracken County Circuit Court. Harris defended that action on the grounds that the Mortgage was not properly transferred to CitiMortgage or the transfers were not properly documented, among other arguments. (Docket #10-5). Harris argued that CitiMortgage could not prove that it was the real

1

party in interest and lacked standing to foreclose on the Mortgage. On April 23, 2015, the McCracken County Circuit Court ruled in favor of CitiMortgage and issued a judgment and order of sale. (Docket #10-5).

On July 22, 2015, Harris filed this action *pro se*. (Docket #1). CitiMortgage filed a motion to dismiss on August 17, 2015. (Docket #10). Harris did not timely respond to that motion. On September 17, 2015, Harris filed an amended complaint which added claims against Defendant Huntington National Bank (formerly Union Federal) and Defendant Mortgage Electronic Registration System, Inc. ("MERS"). (Docket #16). CitiMortgage moved to strike this amended complaint on the grounds that Harris did not first seek leave of the Court. (Docket #19). This Court conducted a teleconference to discuss the pending motions with Harris and the Defendants. (Docket #17, 18). The Court granted leave for Harris to file her amended complaint and denied CitiMortgage's motion to strike. (Docket #20). The Court ordered the Defendants to file an answer or motion responding to Harris's amended complaint within twenty-one days. The Court also informed Harris that she was required to respond to these motions.

All three Defendants have now filed a motion to dismiss. CitiMortgage argues this action is a "pseudo appeal" from the state court action that is barred by both *res judicata* and the *Rooker-Feldman* doctrine. (Docket #10, 22). Defendant Huntington National Bank joins CitiMortgage's arguments. (Docket #23). MERS argues it has not been properly served. (Docket #21). Harris has not responded to these motions and the time to do so has passed. Nevertheless, the Court will address the merits of the motions to dismiss.[1]

---

[1] A failure to prosecute, which may include the failure to respond to a motion to dismiss, is analyzed under Rule 41(b). "In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to

DISCUSSION

Harris filed this suit following CitiMortgage's foreclosure upon the Property. CitiMortgage filed its foreclosure action in state court in McCracken County Circuit Court. (Docket #22-3). In that action, Harris argued CitiMortgage did not have standing to sue because CitiMortgage did not own the Mortgage. Harris argues there were several defects in the transfer of ownership from Union Federal to MERS to CitiMortgage. (Docket #22-7). The state court found in favor of CitiMortgage. (Docket #22-4). Harris filed a motion to vacate (Docket #22-8) which was denied. (Docket #22-10). Harris also filed a motion to set aside the judgment (Docket #22-11) which was also denied. (Docket #22-12).

In this case, Harris argues Defendants fraudulently transferred the Mortgage and that CitiMortgage is not the true owner of the Mortgage. (Docket #16). Defendants argue Harris's claim should be denied because it is barred by *res judicata*. Res judicata consists of two concepts, claim preclusion and issue preclusion (also called collateral estoppel)." *Moorhead v. Dodd*, 265 S.W.3d 201, 203 (Ky. 2008). "Claim preclusion bars subsequent litigation between the same parties or their privies, on a previously adjudicated cause of action." *Id*. (*citing Buis v. Elliott*, 142 S.W.3d 137, 139-40 (Ky. 2004)). "Issue preclusion, on the other hand, precludes the relitigation of an issue that was actually litigated and decided in a prior proceeding." *Id*. In this case, claim preclusion bars Harris's claims against CitiMortgage as both parties were present in the state court action and the state court found in favor of CitiMortgage. Issue preclusion also bars Harris's claims because Harris was a party in the state court case, the same issues were raised, these issue were actually litigated and necessary to the state court action, and the state court found against Harris, the party to be bound. *Miller v. Admin. Office of the Courts*, 361

---

dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

3

S.W.3d 867, 872 (Ky. 2011). Finally, *res judicata* also bars Harris's claims based on new legal theories but founded upon the same facts. *Moorhead*, 265 S.W.3d at 203 ("the rule against splitting causes of action precludes successive actions arising from one transaction"); *Combs v. Prestonsburg Water Co.*, 84 S.W.2d 15, 18 (Ky. 1935) ("parties are required to bring forward their whole case; and 'the plea of res judicata applies not only to the points upon which the court was required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.'") (citation omitted).

Defendants also argue this Court lacks jurisdiction due to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Ct. Of App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 462 (1923). "The Rooker-Feldman doctrine deprives federal courts of jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Bell v. Countrywide Home Loans, Inc.*, 2014 U.S. Dist. LEXIS 79985 *5-6 (W.D. Ky. 2014) (*quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). It is "simply impermissible" for this Court "to sit as a quasi-appellate court and enter an order which will circumvent the state court's final judgment." *Id*. Several parties have attempted to appeal a state court foreclosure action in federal court in this manner, and the federal courts have routinely found they lacked jurisdiction to reconsider the state court's judgment. *See e.g. Id*.; *McCroy v. N.Y. Bank & Trust Co.*, 2008 WL 2714116, at *1 (E.D. Mich. 2008); *Hammond v. HSBC Mortg. Servs.*, 2010 U.S. Dist. LEXIS 33629 (W.D. Ky. 2010).

Finally, MERS argues the claims against it must be dismissed because MERS has not been properly served. "The Federal Rules of Civil Procedure provide a very specific method for

4

apprising a defendant of a lawsuit and conferring a court's jurisdiction over him." *King v. Taylor*, 694 F.3d 650, 656 n. 1 (6th Cir. 2012). Rule 4(c) requires a summons be served with a copy of the complaint. The plaintiff bears the burden of showing proper service has been made. Fed. R. Civ. P. 4(c); *Skinner v. City of Memphis*, 2012 U.S. Dist. LEXIS 142790 (W.D. Tenn. 2012). "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King*, 694 F.3d at 655. A defendant's awareness of the fact they have been sued "makes no legal difference to the question whether he was properly served." *Id*. at 655-56. MERS argues that Harris did not serve MERS with both a summons and a copy of the complaint. (Docket #21-1). The record shows that while CitiMortgage and Huntington National Bank have been served with summons (Docket #4, 5), MERS has not. Accordingly, this Court lacks jurisdiction over MERS.

## CONCLUSION

IT IS HEREBY ORDERED that, for the foregoing reasons, Defendants' motions to dismiss (Docket #10, 22, 21, 23) will be GRANTED.

A separate judgment and order shall be issued.

cc:   counsel of record;

   Natasha Harris, *pro se*
   2027 Seitz St.
   Paducah, KY 42003